UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

THE HONORABLE STEPHEN V. WILSON, U.S. DISTRICT JUDGE PRESIDING

THE UNITED STATES OF AMERICA, )
                              )
        Plaintiff,            )
                              )
   vs.                        )   No. CR 06-656(A)-SVW
                              )
                              )
GEORGE TORRES-RAMOS AND MANUEL )
TORRES-RAMOS,                 )
                              )
        Defendants.           )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, APRIL 20, 2009

**VOLUME XVII**

**DAILY TRANSCRIPT**

_____

DEBORAH K. GACKLE, CSR, RPR
UNITED STATES COURTHOUSE
312 North Spring Street, Room 402A
Los Angeles, California 90012
(213) 620-1149

*UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA*
*COURT REPORTER DEBORAH K. GACKLE*

**APPEARANCES OF COUNSEL:**

**For the Plaintiff:**

THOMAS P. O'BRIEN
UNITED STATES ATTORNEY
BY:  MARK CHILDS
BY:  TIMOTHY SEARIGHT
BY:  STEPHEN WOLFE
BY:  EVAN DAVIS
BY:  STEVEN WELK
ASSISTANT UNITED STATES ATTORNEYS
1400 United States Courthouse
312 North Spring Street
Los Angeles, California  90012

**For the Defendant George Torres-Ramos:**

QUINN EMANUEL URQUHART OLIVER & HEDGES
BY:  STEVEN G. MADISON
BY:  DAVID M. GRABLE
856  South Figueroa Street, 10th Floor
Los Angeles, California  90017
(213) 624-7707
Stevemadison@quinnemanuel.com
Davidgrable@quinnemanuel.com

LAW OFFICES OF JOSEPH A. GUTIERREZ
BY:  JOSEPH A. GUTIERREZ
The Petroleum Building
714 West Olympic Boulevard, Suite 450
Los Angeles, California  90015
(213) 747-4807

//

**APPEARANCES (CONTINUED):**


     **For the Defendant George Torres-Ramos:**


          JACOBS, JACOBS & EISFELDER
          BY:  ROBERT W. EISFELDER
          11755 Wilshire Boulevard, Suite 2150
          Los Angeles, California  90025
          (310) 473-9211
          Reisfelder@jjelaw.com


                              - - - - -

**LOS ANGELES, CALIFORNIA; MONDAY, APRIL 20, 2009; P.M. SESSION**

- - - - -

THE CLERK:  Item No. 1, CR 06-656-SVW, U.S.A. vs. George Torres-Ramos.

Counsel, please state your appearances.

MR. SEARIGHT:  Good morning, Your Honor.  Tim Searight, Mark Childs, Steve Wolfe and Evan Davis on behalf of the government.

MR. MADISON:  Good afternoon, Your Honor.  Steven Madison, Robert Eisfelder, David Grable and Joseph Gutierrez on behalf of Mr. Torres, who is present.  Good afternoon.

THE COURT:  Members of the jury, I have received a note indicating that you have reached unanimous verdicts, signed by Ms. Thompson, the foreperson the jury.

Would you hand the verdict up to Mr. Cruz.

JURY FOREPERSON:  (Jury foreperson complies.)

THE COURT:  Here is the verdict.

As to count one, the jury finds George Torres guilty as charged.

With regard to the racketeering acts, the jury answers yes to the murder of Jose Maldonado; answers yes to the conspiracy; and yes to the solicitation.

Question two:  Do you find Torres conspired to murder Ignacio Meza?  The answer is no; and the answer is no with

regard to the subparts.

Racketeering act three:  Do you find George Torres conspired to conceal, harbor and shield aliens, and the answer is yes.  And subpart (b), yes, too.

Racketeering act four:  Do you find that George Torres offered Steve Carmona use of a condominium?  And the answer is yes.  That was April 1, 2002.  Do you find that on or about December 28, 2004, he provided Steve Carmona with eight Los Angeles basketball tickets?  The answer is yes.  Do you find that on or about March 1, 2005, he provided Steve Carmona with the white pickup truck?  The answer is yes.  Do you find that beginning on or about July 14, 2005, and continuing to on or about December 23, 2005, he paid the telephone bills for the Nextel cellular telephone used by Steve Carmona?  The answer is yes.  Subsection (e), do you find that on or about February 15, 2006, defendant Torres directed an unknown employee of Numero Uno to obtain from that supermarket located at 701 East Jefferson, 13 money orders in the total amount of $6,247.35 in the name of Steve Carmona and to transmit those money orders to Globe Tire and Motor Sports in payment of tires and rims?  The answer is yes.  The government must prove the existence of the Torres Enterprise.  Please indicate which individuals or entities you find were part of the Torres enterprise.  And every one of the listed persons is checked, with the exception of one, Mendoza.

Count two:  That charges Torres with conspiracy to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity.  The jury finds George Torres guilty.

Count three:  That charges George Torres with honest services mail fraud.  The jury finds defendant Torres guilty.

Count four:  These are honest services wire fraud counts.  On that count, the jury finds defendant not guilty.

The jury finds the defendant guilty of counts five, six, seven and eight of the wire fraud charges.

Count nine:  Charges Torres with conspiracy to harbor illegal aliens.  The jury finds him guilty.

Count ten:  He is charged with conspiracy to commit offenses against the United States, namely, to defraud the United States by impeding, impairing, obstructing or defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment or collection of taxes.  The jury finds him guilty.

And with regard to counts 11 through 56, which are tax counts, charging him with failing to account for and pay over trust fund taxes to the United States for various quarters beginning the first quarter of 2001 through the third quarter of 2008, counts 11 through 56.  The jury finds the defendant guilty of each of those counts.

The verdict is signed Deanna Thompson, foreperson of

the jury, and it's dated April 20, 2009, at Los Angeles, California.

Is that the verdict so say each of you?

(Jurors answer in the affirmative.)

THE COURT:  Does the defendant wish the jury polled?

MR. MADISON:  Yes, Your Honor.

THE COURT:  Poll the jury.

THE CLERK:  As I call your name, please answer yes if the verdict as presented and read is your verdict.

Bruce Johnson?

A.    Yes.

THE CLERK:  Deanna Thompson?

A.    Yes.

THE CLERK:  Susan Delaney?

A.    Yes.

THE CLERK:  Evi Csiszar?

A.    Yes.

THE CLERK:  Stephanie Carson-Berrocal?

A.    Yes.

THE CLERK:  Sandra Watson?

A.    Yes.

THE CLERK:  Jack Bowden?

A.    Yes.

THE CLERK:  Tina Corcoran?

A.    Yes.

THE CLERK:  Michael Wheatman?

A.    Yes.

THE CLERK:  Arceli Ilar?

A.    Yes.

THE CLERK:  Livier Delgado?

A.    Yes.

THE CLERK:  Margaret Holmes?

A.    Yes.

THE COURT:  Members of the jury, when you were first questioned, I told you that I thought it would be a challenging and interesting experience.  I think that my words proved true.  It was an interesting and a challenging case.  I want to thank you for your conscientiousness.  You were a very alert, a very punctual jury.  You considered the evidence clearly -- you clearly considered the evidence, and you performed a very valuable service by devoting so much time from your personal and professional and business lives to sit in judgment as you have.

I want to thank you and discharge you with the court's thanks and appreciation.  Thank you.

(Proceedings held outside the presence of the jury)

THE COURT:  All right.  We have to set a date for sentencing and any motions.

MR. MADISON:  Yes, Your Honor.  We do intend to renew our motion under Rule 29, and if I recall correctly, the court

may have actually deferred ruling on at least a portion of our Rule 29 motion pre-verdict.  And so to the extent that's the correct recollection, we ask that the court also set that for hearing.

And I know the court knows I'm required to make that motion within seven days, and I now do formally move under Rule 29 for a motion notwithstanding the verdict of acquittal on all counts.  I would ask the court to set a briefing schedule.  Similarly --

THE COURT:  You preserved your post-trial motion jurisdiction, and I can set dates beyond the seven days to give you time to file a motion.

MR. MADISON:  Yes, Your Honor.

THE COURT:  But there are two motions, then.  There's the Rule 29 motion and a judgment notwithstanding the verdict.

MR. MADISON:  And also a Rule 33 motion for new trial, as well, Your Honor, and the same jurisdictional requirement is present there.  So I would ask the court to find that I've made that motion, as well, and also set a briefing schedule.

THE COURT:  I'll do that.

MR. MADISON:  And the final motion that we had pending was this motion based on misconduct, and I would ask the court to consider setting that for hearing, as well.  And we can brief that further.

THE COURT:  You can do that at the same time.

MR. MADISON:  Yes, Your Honor.

THE COURT:  And how much time would you need?

MR. MADISON:  I think if we could have a couple of weeks to file the briefs and then dates accordingly from that.

THE COURT:  So two weeks from today.

MR. MADISON:  That would be fine, Your Honor.

THE COURT:  Then how much time will the government need to respond?

MR. SEARIGHT:  We would request at least two weeks, Your Honor.

THE COURT:  Two weeks.

How much time to reply?

MR. MADISON:  If we had a week, that would be fine, Your Honor.

THE COURT:  All right.

THE CLERK:  Would be the 26th.  Filing of the motion will be May 4th; oppositions will be May 18th, and reply will be May 26th.

THE COURT:  And the hearing will be a week after -- the next Monday.

So what would that be, Paul?

THE CLERK:  June 1st at 11 o'clock.

MR. MADISON:  Your Honor, I know that Memorial Day is a bit early this year.  Is the 26th a court holiday?

THE CLERK:  No, that is Tuesday after the holiday.

MR. MADISON:  Mr. Cruz is a step ahead of me, as usual.  Thank you.

THE COURT:  June 1st will be the hearing.  I'll refer the defendant to the Probation Department for preparation of a presentence report to at least get that started, but I don't think I'll set a sentencing date until we have heard the motions.

MR. MADISON:  Yes, Your Honor.

THE COURT:  All right.  Then I'll see you on June 1st.

MR. MADISON:  Yes, Your Honor.

MR. WELK:  Your Honor?

THE COURT:  Yes.

MR. WELK:  Steve Welk for the government, Your Honor.

There are forfeiture counts in the indictment, as well, that we would need to schedule.  I would -- Mr. Madison and I have talked about this briefly -- I would propose that we suspend the forfeiture proceedings until these proceedings that we've just discussed have completed, if that is allowed under the rule.

THE COURT:  Yes.

MR. WELK:  We can go forward from there.

THE COURT:  Let's adjudicate the motions and then turn to the forfeiture --

MR. WELK:  I think we can come up with the stipulations and propose how the forfeiture phase can --

THE COURT:  All right.

MR. MADISON:  Your Honor should know that -- as I'm sure you're aware -- there is a right to a jury trial on those forfeiture issues.  We've indicated to the government that we would waive that right here, release the jury, and we would try those issues as necessary to Your Honor.

THE COURT:  All right.

MR. MADISON:  And I expect that we could resolve a lot of those issues by stipulated facts.

THE COURT:  Very well.

(Proceedings concluded at 12:17 p.m.)

- - - - -


C E R T I F I C A T E


I hereby certify that the foregoing is a true and correct transcript from the stenographic record of the proceedings in the foregoing matter.


April 20, 2009

_____          _____
Deborah K. Gackle
Official Court Reporter
CSR No. 7106